UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK CROWL and DAVID EDGAR,<br><br>            Plaintiffs,<br><br>            v.<br><br>CLEARVIEW AI, INC., and<br>ABHINAV SOMANI, Jointly and Severally.<br><br>            Defendants. | No.: _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1. Plaintiff Mark Crowl ("Plaintiff Crowl") and Plaintiff David Edgar ("Plaintiff Edgar") (collectively referred to herein as "Plaintiffs") allege against Defendants Clearview AI, Inc. ("Clearview") and Abhinav Somani, jointly and severally, claims of age-based discrimination under the Age Discrimination in Employment Act ("ADEA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").

JURISDICTION, VENUE & ADMINISTRATIVE PROCEDURES

2. This Court has jurisdiction over this matter because Defendant Clearview is licensed to do, and does do, business in the State of New York.

3. This Court has subject matter jurisdiction over this matter under the ADEA claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the NYSHRL and NYCHRL claims under 28 U.S.C. § 1367.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), as Plaintiff Crowl is a citizen of the State of Texas and Plaintiff Edgar is a citizen of the State of Washington, while Defendant Clearview is incorporated in the State of Delaware, and the matter in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(1)-(3).

6. Jurisdiction and venue are also proper based on the employment agreements entered into by each Plaintiff with Defendant Clearview upon the commencement of their employment, which state that "any action, suit or proceeding to enforce any provision of, or based on any matter arising out of or in connection with, this offer letter shall be brought in any federal court located in the Southern District of the State of New York or any New York state court located in the Borough of Manhattan" which will have "exclusive jurisdiction . . . and each party waives (to the full extent permitted by law) any objection it may have to the laying of venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding has been brought in an inconvenient forum."

7. Plaintiffs demand a trial by jury.

8. Plaintiffs each received a Determination and Notice of Rights issued by the Equal Employment Opportunity Commission on May 11, 2023.

9. According to the Determination and Notice of Rights, Plaintiffs are required to file their lawsuit, if at all, within 90 days of the receipt of that Notice, or August 9, 2023, so this lawsuit is timely.

## THE PARTIES

10. Plaintiff Crowl is an adult individual residing in Texas. He was born on August 8, 1961.

11. Plaintiff Edgar is an adult individual residing in Washington. He was born on September 12, 1967.

12. Upon information and belief, Defendant Clearview is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 99 Wall Street, #5730, New York, NY 10005.

13. Defendant Somani is the current Chief Operating Officer ("COO") for Defendant Clearview, and as such, controlled the terms and conditions of Plaintiffs' work.

STATEMENT OF FACTS

14. Defendants unlawfully terminated Plaintiffs employment on June 15, 2022, because of their age, based on their desire to have a younger salesforce, then offered purely pretextual reasons for the terminations meant to conceal their discriminatory animus. As a result, Plaintiffs are entitled to the relief sought herein.

15. Defendant Clearview is a company that provides facial recognition technology to law enforcement to use for investigating crimes, enhancing public safety, and providing justice to victims.

16. In October 2021, Defendant Somani, who had been an investor in Defendant's business, was hired by Defendant Clearview as its Chief Operating Officer.

17. Concurrently with hiring a new COO came revised business strategies for Defendant Clearview, including but not limited to the termination of older employees in favor of younger replacements.

Plaintiff Crowl's Employment With Defendants

18. Plaintiff Crowl was hired by Defendant Clearview in April 2021 as its Southwest Regional Director.

19. Plaintiff Crowl's age was not a factor upon which he was hired.

20. Defendant Somani was not employed by Defendant Clearview at this time and played no role in Plaintiff Crowl's hiring.

21. Plaintiff Crowl's duties included but were not limited to educating state and local governments about Defendant Clearview's services and how those services could benefit their communities.

22. Within a year of his hiring, Plaintiff Crowl had built up a significant pipeline of potential sales, and state and local governments were engaging Defendant Clearview for its services.

23. Indeed, Plaintiff Crowl expected that by the end of 2022, he would have multiple deals procured for Defendant Clearview's services, which would have exceeded his sales quota.

24. Moreover, Plaintiff Crowl had closed the largest accounts to date for Defendant., including but not limited to Texas Department of Public Safety and the Kansas City Police Department.  These deals were key in helping Defendant Clearview initiate and maintain revenue streams along with being referrals to other agencies across the country.

Plaintiff Edgar's Employment With Defendants

25. Plaintiff Edgar was hired by Defendant Clearview in April 2021 as its West Regional Director.

26. Plaintiff Edgar's age was not a factor upon which he was hired.

27. Defendant Somani was not employed by Defendant Clearview at this time and played no role in Plaintiff Edgar's hiring.

28. Plaintiff Edgar's duties included but were not limited to educating state and local governments about Defendant Clearview's services and how those services could benefit their communities.

29. Within a year of his hiring, Plaintiff Edgar had built up a pipeline of $2.5 million in sales and state and local governments were opening up to the idea of working with Defendant Clearview.

30. Indeed, Plaintiff Edgar expected that by September 30, 2022, at least eight deals were prepared to close due to his work with those respective clients.

31. Plaintiff Edgar also landed key customers including the New Mexico Attorney General, Reno Human Trafficking Team. These customers provided not only revenue for the company, but also served as case studies for the company and spoke at conferences on our behalf.

32. Plaintiff Edgar's excellent performance was accomplished despite key potential customers in his territory having bans on facial recognition technology, which prevented some revenue streams from those areas.

Defendants' Discrimination

33. In early 2022, Defendant Clearview's COO, Defendant Somani, commenced Defendant Clearview's discriminatory campaign to terminate older sales employees in order to create a younger sales force.

34. In fact, Defendant Somani actually stated that he wanted a younger sales team.

35. On June 15, 2022, Defendants took tangible steps to implement its discriminatory personnel overhaul by terminating multiple individuals, including Plaintiffs.

36. In keeping with Defendant Somani's previous statements and Defendant Clearview's discriminatory goal of creating a younger sales force, Defendants only terminated employees who were over 40 years old.

37. Plaintiffs were not terminated based on job performance. Plaintiffs never received a less than positive performance review or reprimand while working for Defendants. Neither

Plaintiff ever received any complaints about his job performance, whether from a co-worker or any of Defendant Clearview's clients, while working for Defendants.

38. Defendant Somani was one of the decision makers in Defendants' decision to terminate Plaintiffs' employment, in furtherance of his goal to make the salesforce younger.

39. Plaintiffs subsequently received termination letters that confirmed their job performance was not the reason for their terminations.

40. In fact, Plaintiffs were each lauded for their performance by Defendant Clearview's Chief Executive Officer, Hoan Ton-That, on the very phone call that concluded with their terminations.

41. Mr. Ton-That also claimed that Plaintiffs were being terminated on account of Defendant Clearview closing its State & Local Sales Department as part of Defendant Clearview's company reorganization.

42. In reality, this rationale was merely pretextual as Defendants had no such plan to eliminate State and Local Sales, since just days after the firings and the company's statements about a supposed reorganization purportedly eliminating State and Local Sales, Defendants publicly posted multiple job listings for the same positions held by Plaintiffs.

43. In fact, the job postings expressly mentioned that the newly hired employee would "join the State & Local Sales team."

44. Additionally, the accounts previously handled by Plaintiffs are now being managed by younger, less qualified, and newly hired employees.

45. Accordingly, any legitimate business reason for the termination proposed by Defendants is belied by its own actions leading up to and since terminating Plaintiffs' employment.

FIRST CAUSE OF ACTION
AGE DISCRIMINATION UNDER THE ADEA

46. Plaintiffs repeat every allegation of the preceding paragraphs as if set forth in this cause of action.

47. At all relevant times, Plaintiffs were each an "employee" and a "person" under the ADEA.

48. At all relevant times, Defendants were each an "employer" under the ADEA.

49. The ADEA prohibits discrimination against employees 40 years of age and older on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment.

50. Defendants discriminated against Plaintiffs by firing them because of their age.

51. As a result of their termination, Plaintiffs have suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

SECOND CAUSE OF ACTION
AGE DISCRIMINATION
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

52. Plaintiffs repeat every allegation of the preceding paragraphs as if set forth in this cause of action.

53. At all relevant times, Plaintiffs were each an "employee" and "person" under the NYSHRL.

54. At all relevant times, Defendants were each an "employer" under the NYSHRL.

55. Defendants jointly employed Plaintiffs at all relevant times.

56. Defendant Clearview is vicariously liable for an actionable discriminatory environment created by its supervisors who had immediate or successively higher authority over Plaintiffs.

57. Defendant Somani had the authority to affect Plaintiffs' employment terms and conditions.

58. Defendant Somani is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim.

59. Plaintiffs were entitled to protection under the NYSHRL against discrimination against them based on their age.

60. Defendants terminated Plaintiffs because of their age.

61. By terminating Plaintiffs because of their age, Defendants violated the NYSHRL.

62. As a result of their termination, Plaintiffs have suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

### THIRD CAUSE OF ACTION
### AGE DISCRIMINATION
### UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

63. Plaintiffs repeat every allegation of the preceding paragraphs as if set forth in this cause of action.

64. At all relevant times, Plaintiffs were each an "employee" and "person" under the NYCHRL.

65. At all relevant times, Defendants were each an "employer" under the NYCHRL.

66. Defendants jointly employed Plaintiffs at all relevant times.

67. Defendant Clearview is strictly liable for an actionable discriminatory environment created by its supervisors who had immediate or successively higher authority over Plaintiffs.

68. Defendant Somani had the authority to affect Plaintiffs' employment terms and conditions.

69. Defendant Somani is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim.

70. Plaintiffs were entitled to protection under the NYCHRL against discrimination against them based on their age.

71. Defendants terminated Plaintiffs because of their age.

72. By terminating Plaintiffs because of their age, Defendants violated the NYCHRL.

73. As a result of their termination, Plaintiffs have suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Accepts jurisdiction over this matter.

2. Impanels and charges a jury with respect to the cause of action.

3. Awards Plaintiffs the following damages against Defendants, jointly and severally:

   a. Back pay, front pay, and all benefits along with pre- and post-judgment interest;

   b. Punitive and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life, physical injury and emotional distress, and medical expenses in order to compensate them for the injuries they have suffered and to signal to other employers that discrimination is repulsive to all legislative enactments;

   c. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      d.      Attorneys' fees, costs and expenses to the fullest extent permitted by law;

and

      e.      Any other relief that this Court deems just and equitable.

Dated: New York, New York
       August 9, 2023

                LIPSKY LOWE LLP

                s/   Christopher H. Lowe
                Christopher H. Lowe
                Frank J. Tantone
                420 Lexington Avenue, Suite 1830
                New York, New York 10170-1830
                Tel: 212.392.4772
                Fax: 212.444.1030
                chris@lipskylowe.com
                frank@lipskylowe.com
                *Attorneys for Plaintiffs*